UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TROY JACKSON, #299646,

        Petitioner,

v.                                      ACTION NO.
                                          2:05cv251

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,[1]

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying Troy Jackson's petition for writ of habeas corpus.

**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner Troy Jackson ("Jackson") was convicted of second-degree murder and burglary in the Circuit Court of the City of Richmond and was sentenced to a term of forty-three years in prison with twenty-five years suspended. Jackson did not appeal this conviction. On May 5, 2003,

---

[1] Inasmuch as the petition incorrectly designates the party respondent, it is ORDERED that the petition shall be deemed amended to substitute as the sole respondent in this proceeding Gene M. Johnson, Director of the Virginia Department of Corrections. See Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (foll. 28 U.S.C. § 2254).

Jackson filed a habeas petition in the Circuit Court of the City of Richmond. This motion was denied by the circuit court on December 9, 2003. Through no fault of his own, Jackson was not informed of this denial until February 23, 2004. For this reason, the Supreme Court of Virginia granted Jackson a delayed appeal/writ of habeas corpus from the circuit court denial. Jackson entered a motion for delayed appeal on April 19, 2004. The Supreme Court of Virginia denied Jackson's appeal on November 30, 2004.

Jackson, presently in the custody of the Virginia Department of Corrections at the Keen Mountain Correctional Center in Oakwood, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Western District of Virginia on February 14, 2005. On March 18, 2005, respondent filed a Rule 5 Answer and Motion to Dismiss. Jackson filed a response to the Motion to Dismiss on March 31, 2005. The case was transferred to the Eastern District of Virginia on April 27, 2005.

### B. Grounds Alleged

Jackson asserts the following entitle him to relief under 28 U.S.C. § 2254:

    (a)    the Supreme Court erred by finding that the petitioner's claim of a coerced confession should be denied and dismissed as procedurally barred;

    (b)    the Supreme Court erred by finding that the petitioner's claims of ineffective assistance of counsel should be denied and dismissed, because petitioner had failed to satisfy his burden of proof under Strickland v. Washington, 466 U.S. 668 (1984);

    (c)    the Supreme Court erred by denying and dismissing the petitioner's claim that his guilty plea was involuntarily made, and by not finding that petitioner was denied due process and fundamental fairness at his plea colloquy;

  (d) the Supreme Court erred by finding that an evidentiary hearing is not necessary to resolve the issues in this case; and,

  (e) the Supreme Court's denial and dismissal of petitioner's claims was clearly and plainly erroneous and was based on an unreasonable determination of the facts in light of the evidence that was presented and was contrary to and involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States.

## II. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

Jackson's action here is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (a) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

28 U.S.C. § 2244(d)(1)(a) (2000).

Jackson was convicted on May 11, 2001. Jackson did not appeal his convictions. Therefore, his conviction became final on June 10, 2001. <u>See</u> Va. Code Ann. § 5A:6(a) (2004)[2]. Therefore, the one-year statutory period of limitations for filing Jackson's federal habeas petition began running on June 10, 2001.

Under 28 U.S.C. § 2244(d)(2) the statute of limitations clock is paused during the time that a petition for state collateral review is pending. Section 2244(d)(2) provides:

> the time during which a properly filed application for State post-

---

[2]According to this statute, a petitioner must file notice of appeal within 30 days after entry of final judgment or other appealable order or decree.

> conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

However, Jackson did not file his state habeas corpus motion until May 5, 2003, more than ten months after the federal statute of limitations had expired on June 10, 2002. Therefore, the statutory period was not tolled pursuant to 28 U.S.C. § 2244(d)(2). This Court cannot reach the merits of Jackson's claims, because the claims are barred by the statute of limitations. Therefore, this Court recommends denial of Jackson's petition.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Jackson's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss should be GRANTED.

Grounds (a) through (e) of Jackson's petition should be DENIED because they are barred by the statute of limitations.

Jackson has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the

foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

    2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

July 18, 2005

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Troy Jackson, #299646
Keen Mountain Correctional Center
Post Office Box 860
Oakwood, VA 24624

Amy Lau Marshall, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                Elizabeth H. Paret, Clerk


             By _____
                Deputy Clerk

                July  , 2005